IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVANTI WIND SYSTEMS, INC., | ) | |
| | ) | CIVIL ACTION NO. 3:14-98 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ROBERT N. SHATELL and THE | ) | |
| TEMPEST GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's motion to compel discovery (ECF No.

22). This Court held oral argument on the motion on January 8, 2015. Counsel for Defendants

notified the Court that it would be filing a request for in camera review of certain documents. In

light of Defendants' failure to do so, the Court now rules on the motion without regard for the

request for in camera review. For the reasons that follow, the motion to compel discovery will

be granted.

1. Introduction

The instant civil action was removed from the Court of Common Pleas of Cambria

County, Pennsylvania to this Court. (ECF No. 1). The complaint alleges that Avanti Wind

System's former employee, Robert N. Shattell, and his company, the Tempest Group, Inc., have

engaged in misappropriation of trade secrets, unfair competition, unjust enrichment,

interference with business relationship, and conversion. (ECF No. 1-2 at 10–16). The complaint

also asks for injunctive relief. (*Id.* at 13).

Avanti filed the instant motion to compel discovery asking the Court to compel

Defendants Robert N. Shattell and The Tempest Group, Inc. to respond to certain discovery

requests and produce responsive documents. (ECF No. 22 at 1).

## 2. Background

Avanti argues that Defendants' discovery responses are littered with improper general

objections, and that Defendants did not specify why or to what extent any of the discovery

requests were objectionable. (ECF No. 22 at 2–3). Avanti further asserts that Defendants'

confidentiality objections are meritless and waived, and that Tempest has failed to explain how

the services that it markets and provides to its customers for various manufacturers could

constitute confidential business information. (*Id.* at 4–5). Avanti notes that the confidentiality

objections are without merit because the parties have agreed to and this Court has entered a

Stipulation of Confidentiality and Protective Order (ECF No. 18), protecting the disclosure of

this information. (*Id.* at 6).

Defendants respond that Avanti has filed this lawsuit in bad faith and for an improper

purpose, and that it is using the discovery process to discover confidential information about

Tempest's business plan. (ECF No. 24 at 3–4). They argue that a Stipulation of Confidentiality

Order does not require a party to produce data that is otherwise not discoverable. (*Id.* at 9).

Defendants also note that they have not produced documents because Tempest's contracts with

its customers require Tempest to obtain the customer's permission before it discloses any information to a third party, and that it has not received such permission. (*Id.* at 12).

### 3. Discussion

The Federal Rules of Civil Procedure provide the following regarding discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Plaintiff must be given an opportunity to obtain discovery of the information necessary to make his claim. The Defendants have not satisfied the Court that they should not be required to disclose the requested information in the present case. Counsel for Avanti notified the Court at oral argument that they had succeeded at narrowing the evidence requested of Defendants. The Court will grant the motion to compel to the extent that Avanti has succeeded at narrowing the issues.

#### a. The confidentiality objections

Defendants object that they should not be required to disclose the information requested by Avanti because the information constitutes confidential trade secrets. The Pennsylvania courts consider the following factors to determine whether information is protected as a trade secret:

> (1) the extent to which the information is known outside of the company's business; (2) the extent to which the information is known by employees and others involved in the company's business; (3) the extent of the measures taken

3

by the company to guard the secrecy of the information; (4) the value of the information to the company and its competitors; (5) the amount of effort or money the company spent in developing the information; and (6) the ease or difficulty with which the information could be acquired or duplicated legitimately by others.

*Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010), *citing Crum v. Bridgestone/Firestone North American Tire, LLC*, 907 A.2d 578, 585 (Pa. Super. Ct. 2006). The Defendants have not provided the Court with evidence that the information they are refusing to disclose constitutes confidential trade secrets. The Tempest Group is in the same line of business as Avanti Wind Systems. As Defendants observed at oral argument, the Tempest Group provides information about their services on their website. Defendants have merely asserted that the information constitutes trade secrets, without specifying why the requested information is of such a nature as to fall within the definition of trade secrets as set out above. The Court also notes that the parties have entered into a Stipulation of Confidentiality Order (ECF No. 18), which minimizes the Defendants' confidentiality concerns.

For these reasons, the Court is not satisfied that the requested documents should not be produced for reasons of confidentiality or based on their status as trade secrets.

b. **The response to interrogatory No. 2**

Avanti informed the Court at oral argument that the discovery requests regarding interrogatories could be dealt with by taking depositions. Thus, the Court finds it unnecessary to deal with Avanti's request for answers to certain interrogatories at this time.

c. **Avanti's discovery requests Nos. 5 and 6**

Avanti's requests Nos. 5 and 6 asked the Tempest Group and Mr. Shatell to produce all documents in its possession that were created or distributed by Avanti. Defendants argue that

4

they must receive their customers' consent before disclosing such information to a third party. (ECF No. 24 at 11–12). As Defendants concede, the documents in the Tempest's possession do not contain trade secrets. (*Id.*). Defendants have not furnished the Court with a reason for their failure to produce the documents other than the necessity to obtain the customers' consent. The Defendants are hereby ordered to produce the requested documents.

### d. Avanti's discovery request No. 7

Defendants argue that Avanti's request for all correspondence, notes, email, or other documents between Mr. Shattell and Cynthia Cuenin is overly broad, unduly burdensome, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 24 at 12). They object that they should not be required to disclose emails between Mr. Shattell and Ms. Cuenin from after the time when Mr. Shattell left Avanti's employment, because Mr. Shattell is not bound by any contract or agreement which binds his post-employment conduct. (*Id.* at 13).

Avanti notified the Court at oral argument that it had succeeded in narrowing the search terms for the e-mails requested of Defendants. Further, it is not for Defendants to determine whether or not the requested information is relevant to Avanti's claim. The Court is satisfied that Plaintiff has sought to narrow the search terms to information relevant to the claims brought. The Court therefore finds that Defendants shall be required to produce the requested emails pursuant to the narrowed search terms.

## 4. Conclusion

For the foregoing reasons, this Court finds that Defendants shall produce the requested documents to the extent that the issues have been narrowed by Defendants since filing the instant motion to compel. An appropriate order follows, which also sets forth new deadlines for completion of discovery and a new date for a post-discovery status conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVANTI WIND SYSTEMS, INC., | ) | |
| | ) | CIVIL ACTION NO. 3:14-98 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ROBERT N. SHATELL and THE | ) | |
| TEMPEST GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 20th day of February, 2015, upon consideration of Plaintiff's motion to compel discovery, and in accordance with the foregoing memorandum opinion, it is **HEREBY ORDERED AS FOLLOWS:**

1. The motion to compel discovery (ECF No. 22) is **GRANTED.**

2. The motion for leave to file reply in support of motion to compel discovery (ECF No. 25) is **DENIED AS MOOT.**

3. The motion to extend time to complete fact discovery and extension of subsequent pretrial deadlines as set forth in Initial Scheduling Order (ECF No. 27) is hereby **GRANTED.** The parties shall complete fact discovery within 60 days of issuance of this order.

4. The post-discovery status conference scheduled for February 24, 2015, is hereby cancelled and rescheduled to June 10, 2015, at 10:00 a.m.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

7