IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVANTI WIND SYSTEMS, INC., ) | |
| ) | CIVIL ACTION NO. 3:14-98 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| ROBERT N. SHATELL and THE ) | |
| TEMPEST GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon consideration of Defendants Robert N. Shattell and the Tempest Group, Inc.'s motion to compel discovery. (ECF No. 36). The motion is now ripe for disposition.

### I. Background

The requests for production at issue in this motion are contained in Defendants' Second Request for Production of Documents (the "Second Request") served upon Plaintiff on January 23, 2015. (ECF No. 36 at ¶ 18). RFP-1 of the Second Request seeks "all documents in your possession, custody, or control that refer or relate to or constitute communication between an employee of Avanti and an Avanti client regarding the solicitation of that client's business from 2013 to present." (*Id.* at ¶ 19). RFP-2 of the Second Request seeks "all documents in [Plaintiff's] possession, custody, or control that refer or relate to or constitute communication between an employee of [Plaintiff] and [one of Plaintiff's clients] about Tempest and Robert Shattell from 2013 to the present." (*Id.* at ¶ 20).

1

Defendants note that they averred in their Amended Answer with Affirmative Defenses that Plaintiff had engaged in unfair competition. (*Id.* at ¶ 36). Defendants further claimed that Plaintiff had brought its claims in bad faith, in an attempt to improperly prevent competition and destroy Defendants' business. (*Id.* at ¶ 37). Finally, Defendants made a claim for attorneys' fees pursuant to the Pennsylvania Uniform Trade Secrets Act ("PUTSA"). (*Id.* at ¶ 38). Defendants assert that their requests are wholly relevant to the matters involved in this litigation, and that the documents sought in RFP-1 and RFP-2 of the Second Request are needed to establish that Plaintiff had engaged in unfair competition, intended to eliminate Defendant Tempest as a competitor, or otherwise acted in bad faith or for an improper purpose. (*Id.* at ¶¶ 47, 52).

Plaintiff responds with regard to the first request that its counsel has a large number of documents to review prior to production, and that they have not yet been able to complete their review. (ECF No. 37 at 2). Plaintiff argues that the second request seeks information about matters not relevant to the subject matter involved in the pending action, and is not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*). Plaintiff further claims that Defendants did not assert any unfair competition claim against Avanti, nor even a defense based upon any alleged unfair competition by Avanti. (*Id.*). According to Plaintiff, Defendants' request for documents for purposes of their claim for attorney's fees pursuant to the PUTSA is predicated on the false assertion that Avanti brought this suit in bad faith in an attempt to prevent competition. (*Id.* at 3). Finally, Plaintiff argues that even if Avanti had made disparaging statements to its clients regarding Shattell or Tempest, those statements would not demonstrate that its claims against Defendants are specious. (*Id.*).

2

## II. Discussion

The Federal Rules of Civil Procedure provide the following regarding discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The Court finds that Defendants' motion to compel should be granted. Defendants properly asserted Plaintiff's alleged unfair competition as part of its defense of its case. Defendants asserted in their Motion file an Amended Answer with Affirmative Defenses that they believed that "Plaintiff has filed this lawsuit to unfairly quash competition." (ECF No. 15 at 3). Defendants further asserted in response to Count III of Plaintiff's complaint that "Avanti has filed this lawsuit in bad faith, in an effort to destroy legitimate competition." (ECF No. 15-1 at ¶ 61). This assertion is repeated at paragraphs 62 and 64 of the Amended Answer. The Court finds that Plaintiff should respond to Defendants' discovery requests, as the communication between Avanti and its clients may be relevant to Defendants' defense that Plaintiff engaged in unfair competition by filing the lawsuit.

Defendants' Amended Answer also asserts a claim for attorneys' fees pursuant to PUTSA, 12 Pa.C.S.A. § 5305, based on the allegation that Plaintiff has filed this action against Defendants in bad faith. (ECF No. 15-1 at ¶¶ 90–91). Plaintiff asserts that even if Avanti had made disparaging comments to its clients regarding Shattell or Tempest, these statements would not demonstrate that its claims against the Defendants were specious. (ECF No. 37 at 3).

3

The Western District of Pennsylvania has adopted a two-part test to determine what constitutes bad faith of the type and degree sufficient to support an award of attorneys' fees: (1) "objective speciousness of the plaintiff's claim," and (2) "subjective bad faith in bringing or maintaining the claim." *Hill v. Best Med. Int'l, Inc.*, 2011 WL 6749036, at *3 (W.D. Pa. Dec. 22, 2011) (quoting *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal.Rptr.2d 358 (Ct. App. 2002)). "Objective speciousness exists where there is a complete lack of evidence supporting plaintiff's claims." *Id.* at *4 (citation omitted). "Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." *Id.* (citation omitted).

This Court finds that in addition to being relevant to Defendants' unfair competition claim, the information sought by Defendants may also be relevant to their claim for attorneys' fees, as the communication between Avanti and its clients may serve to demonstrate whether or not Avanti had subjective bad faith in bringing the claim. The Court does not find it proper to evaluate the potential merits of Defendants' claim at this point.

For all these reasons set forth above, the Court finds that Defendants' motion to compel responses to RFP-1 and RFP-2 should be granted.

### III. Conclusion

For the foregoing reasons, the Court hereby orders that Defendants' motion to compel is granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AVANTI WIND SYSTEMS, INC., | ) | |
| | ) | CIVIL ACTION NO. 3:14-98 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ROBERT N. SHATELL and THE | ) | |
| TEMPEST GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 16th day of April, 2015, upon consideration of Defendants' motion to compel discovery responses (ECF No. 36), it is **HEREBY ORDERED** that the motion is **GRANTED.** The Court further orders that discovery shall be extended by an additional sixty (60) days from the date of this order to allow Plaintiff to comply with Defendants' discovery requests. The Post-Discovery Status Conference currently scheduled for June 10, 2015, is hereby rescheduled to August 7, 2015, at 10:30 a.m.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

5